Lynn v. McCormick

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

>        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.**

PRESENT:
>               ROBERT A. KATZMANN,
>                    *Chief Judge,*
>               PETER W. HALL,
>               GERARD E. LYNCH,
>                    *Circuit Judges.*

─────────────────────────────────

John W. Lynn, Geralynn Lynn,

>          *Plaintiffs-Appellants*,

>          v.                                                            18-66

Robert J. McCormick, Michelle Simmons, Trustco Bank, The Law Offices of McNamee Titus, Lochner & Williams, P.C., Kenneth Gellhaus, Peter A. Pastore, Francis J. Smith, Christopher Gallagher, Bailey, Kelleher & Johnson, P.C., John W. Bailey, Kevin Laurilliard,

>          *Defendants-Appellee*s.

─────────────────────────────────

FOR PLAINTIFFS-APPELLANTS:　　　　　John W. Lynn, Geralynn Lynn, pro se, Pomona, NY.

FOR DEFENDANTS-APPELLEES:　　　　　Jonathan Nelson, Esq., Dorf & Nelson LLP, Rye, NY (*for* McCormick, Simmons, Trustco Bank, Law Offices of McNamee Titus, Lochner & Williams PC, Gellhaus, Pastore, Smith, Bailey, Kelleher & Johnson PC, John W. Bailey, and Kevin Laurilliard).

Rita C. Tobin, Esq., RC TobinLaw, PLLC, Chappaqua, NY (*for* Gallagher).

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

John W. Lynn and Geralynn Lynn, pro se, sued Trustco Bank ("Trustco"), Robert J. McCormick (CEO of Trustco), Michelle Simmons (VP of Facilities at Trustco), the Law Offices of McNamee Titus, Lochner & Williams PC ("McNamee Titus"), Kenneth Gellhaus (attorney, formerly of McNamee Titus), Peter A. Pastore (counsel for Trustco), Francis J. Smith (counsel for Trustco), the Law Offices of Bailey, Kelleher & Johnson PC, John W. Bailey (counsel for Trustco and McNamee Titus), Kevin Laurilliard, and Christopher Gallagher, for violations of RICO, 18 U.S.C. § 1961 et seq., and state law. The Lynns alleged that Trustco Bank, along with its bankers and lawyers, conspired to deprive them of their property rights and seize their assets as part of a criminal scheme. The district court dismissed their action, reasoning that the Lynns failed to allege sufficient facts to plead a RICO enterprise. The district court declined to exercise supplemental jurisdiction over the remaining state law claims. On appeal, the Lynns argue that the district court erred by dismissing their substantive and conspiracy RICO claims. They do not

challenge the district court's decision to decline jurisdiction over their state law claims. We assume familiarity with the underlying facts, procedural history, and issues on appeal.

This Court "review[s] the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (although allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

To establish a civil RICO violation under 18 U.S.C. § 1962(c), plaintiffs must plausibly allege that they were "injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999).[1] As to the enterprise requirement, a plaintiff must "allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). Members of the enterprise must, among other things, share a common purpose. *See Boyle v. United States*, 556 U.S. 938, 946 (2009).

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

"A corporate entity can be sued as a RICO 'person' or named as a RICO 'enterprise,' but the same entity cannot be *both* the RICO person and the enterprise." *U1It4Less, Inc. v. FedEx Corp.*, 871 F.3d 199, 205 (2d Cir. 2017) (*citing* 18 U.S.C. § 1961(3), (4)). Corporations can only act through their agents and subsidiaries, so permitting corporate defendants to be held liable for the acts of their agents would do away with the "distinctness" requirement. *Id.* "Accordingly, a plaintiff may not circumvent the distinctness requirement by alleging a RICO enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant." *Id.* at 206.[2]

The only alleged "person" in this case who is neither Trustco itself nor its employee or agent is Christopher Gallagher, a referee appointed in a mortgage foreclosure action that Trustco commenced in state court in 2013 to recover the real property securing its loans to Mr. Lynn.[3] But the allegations in the amended complaint fall far short of plausibly suggesting that Gallagher shared the goal of illegally depriving the plaintiffs of their property, as there is no suggestion as to why he would share that purpose or how he furthered that goal. *See Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 121 (2d Cir. 2013) (affirming dismissal of RICO claims against defendants because "the amended complaint contain[ed] no specific factual allegation about [their] intent" and it was not plausible that they shared "a common purpose to engage in a particular fraudulent course of conduct"). Indeed, Mr. Lynn acknowledged during oral argument that appellants had no

---

[2] This rule has its limits, *see Cedric Kushner*, 533 U.S. at 163–65, but none are relevant here.

[3] The district court dismissed the claims against Gallagher from the bench on June 5, 2017 on the ground that he was entitled to judicial immunity.

4

affirmative reason to believe that Gallagher did share a fraudulent purpose, but merely hoped that some evidence to that effect might turn up in discovery. The only remaining "persons" making up the alleged "enterprise" are the corporate defendant and its employees and agents, which cannot suffice.

The Lynns' failure to plead a substantive RICO claim under 18 U.S.C. § 1962(c) necessarily defeats their conspiracy claim under 18 U.S.C. § 1962(d). To plead a RICO conspiracy, "a plaintiff must allege the existence of an agreement to violate RICO's substantive provisions." *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 124 (2d Cir. 2018). Here, the alleged conspiracy was an agreement to commit the same substantive RICO violations we have deemed insufficiently pled, so there was no agreement to violate RICO's substantive provisions. Accordingly, the district court correctly determined that their claim of conspiracy to violate RICO also fails.

We understand the Lynns' distress at the financial ruin that followed Trustco's decisions to enforce their note and pursue other litigation remedies. But hard business dealings (or even criminal conduct, such as the Lynns believed they were victims of) give rise to federal civil liability only in limited circumstances. The only federal claims they have alleged are based on the RICO statute, and for the reasons set forth above, their complaint does not make out a valid RICO claim.

We have considered all of the Lynns' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5